Yadira Guadalupe **VILLASENOR;** et al., Petitioners,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 05–76544.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided July 31, 2006.

Guadalupe Villasenor Yadira, Garden Grove, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Josh Braunstein, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

Yadira Guadalupe Villasenor and her daughter Maria del Carmen Montes Villasenor, natives and citizens of Mexico, petition pro se for review of the Board of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Immigration Appeals' ("BIA") orders dismissing their appeals from an immigration judge's decision denying their applications for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings, *Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Villasenor failed to show exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929 (9th Cir.2005).

Villasenor's contention that the agency violated due process by limiting her testimony regarding hardship is not colorable. *See id.* at 930 ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

We do not consider Villasenor's contention regarding physical presence, because her failure to establish hardship is dispositive. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 889 (9th Cir.2003) (noting that an applicant must establish continuous physical presence, good moral character and hardship to qualify for relief).

With respect to Villasenor's daughter, she does not challenge the agency's conclusion that she lacks a qualifying relative. *See* 8 U.S.C. § 1229b(b)(1)(d).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**